UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFFREY HUSS,

    Plaintiff,

    v.                                                Case No. 24-CV-305

DEPUTY WOELFEL, et al.,

    Defendants.

## DECISION AND ORDER

On April 4, 2025, Defendants filed motions for summary judgment. Dkt. Nos. 36 & 41. On April 7, 2025, the Court reminded Plaintiff Jeffrey Huss, who is representing himself, that under Civil Local Rule 56(b)(2) his response materials were due on May 4, 2025. Dkt. No. 49. The Court advised Huss that he "must respond to each of the proposed findings of fact by agreeing with each proposed fact or explaining why he disagrees with a particular proposed fact" and he "must also respond to the legal arguments in Defendants' brief." *Id*. at 1 & 2. On Huss's requests, the Court extended the deadline to respond to August 25, 2025. *See* Dkt. Nos. 52 & 55. The Court also warned Huss that, under Civil Local Rule 56(b)(9), failure to comply with the requirements of Civil Local Rule 56 may result in sanctions up to and including the Court granting Defendants' motions. Dkt. No. 49 at 2. The deadline has passed, and Huss did not oppose the motions, as he was instructed to do. Instead, he only filed a Declaration and his own "motion for partial summary judgment." *See* Dkt. Nos. 56 & 57. But, as Huss was specifically warned in the prior order, "Huss does not satisfy his obligations by simply filing a declaration with his version of the facts." *See* Dkt. No. 49 at 2. Accordingly, the Court considers Defendants' motions for summary judgment unopposed.

The Court has also reviewed Defendants' motions, briefs in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that they are entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendants and deemed true by the Court, as well as videotape evidence attached to the motions for summary judgment, no reasonable jury could find that Defendants used objectively unreasonable force to effectuate Huss's arrest on November 30, 2023. *See* Dkt. No. 51. Videotape evidence shows that Defendants used exactly the amount of force required to quickly and calmly detain Huss, who was resisting handcuffs. *See id*. at 0:50 to 2:30. The video shows that, once Huss was handcuffed, Defendants stopped using force. *See id*. Additionally, contrary to Huss's allegations from the complaint, medical records show that Huss *did* receive medical care for his injuries (and it was within one hour of the arrest). *See* Dkt. No. 42-3. As a result, Defendants are entitled to judgment as a matter of law and their motions must be granted. Moreover, pursuant to Civil Local Rule 56(b)(9), the Court finds that Huss's failure to respond to Defendants' motions consistent with the Civil Local Rules is sufficient cause for the Court to grant the motion as a sanction for noncompliance.

**IT IS THEREFORE ORDERED** that Defendants' motions for summary judgment (Dkt. Nos. 36 & 41) are **GRANTED**; and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 9th day of September, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge